1  **WINSTON KEVIN McKESSON, ESQ.**
   **(State Bar Number 106068)**
2  **LAW OFFICES OF WINSTON KEVIN McKESSON**
   315 South Beverly Drive, Suite 305
3  Beverly Hills, California 90212
   Telephone: [310] 277.9595
4  Facsimile:  [310] 277.0177
   *&* - mail: cathrynjcollins@yahoo.com
5
   Attorneys for Defendant,
6  GREGORY PATTERSON

7
                    **UNITED STATES DISTRICT COURT**
8
                   **CENTRAL DISTRICT OF CALIFORNIA**
9
                          **SOUTHERN DIVISION**
10
   UNITED STATES OF AMERICA,          )      CASE NO.: **SA CR 05-00214**
11                                      )
                                        )      **DEFENDANT'S POSITION**
12                                      )      **PAPER REGARDING**
                                        )      **SENTENCING**
13              *Plaintiff,*            )
                                        )
14                                      )
      -*vs*-                            )      TIME    :      1:30 p.m.
15                                      )      DATE    :      *May 12, 2008*
                                        )      DEPT.   :      " 9-B "
16    GREGORY PATTERSON,                )
                                        )
17                                      )      [ Before the District Judge
                *Defendant.*            )        *CORMAC J. CARNEY* ]
18                                      )
                                        )
19  ─────────────────────────────────

20         **TO: THE PLAINTIFFS AND THE ASSISTANT UNITED STATES**
21  **DISTRICT ATTORNEY, GREG  STAPLES**:

22         The Defendant **GREGORY PATTERSON**, hereby submits his position paper
23  regarding sentencing by and through the Law Offices of Winston Kevin McKesson.
24         It should be noted that since his arrest, I've notice an extreme change in Mr.
25  PATTERSON.  Initially, he was an angry young man who was suspicious of me.
26  However, eventually our relationship changed for the better. We would spend hours
27  discussing baseball ('his favorite sport'), as well as the Bible. As my visits with him
28  increased, I noticed that my client had become intelligent, caring, honest, but easily

                                    - 1-

1  influenced. I believe that he was influenced into the subject acts which he now faces
2  and deeply regrets.

3      In determining the proper sentence, I ask that you consider the following
4  factors:

5      (1)   That Mr. PATTERSON'S crime constituted aberrant behavior.

6      (2)   That Mr. PATTERSON manifested "Super" acceptance of responsibility.

7      (3)   That Mr. PATTERSON experienced post conviction rehabilitation.

8      (4)   That Mr. PATTERSON maintained an excellent employment history.

9      (5)   That Mr. PATTERSON has shown extreme remorse.

10     (6)   That Mr. PATTERSON has cooperated with authorities.

11     (7)   Many of the offenses were committed under duress.

12 **The Defendant's Crime Constituted Aberrant Behavior**

13     New U.S.S.G. *Section 5K2.20* (effective Nov. 1, 2000) (departure for aberrant
14 conduct authorized <u>but only</u> for "a single criminal occurrence or single criminal
15 transaction that was committed without significant planning, was of limited duration,
16 and represented a marked deviation from an otherwise law abiding life." App. Note
17 1. Further, this departure is unavailable if (1) offense involved serious bodily injury
18 or death, (2) use or discharge of a firearm, (3) a serious drug trafficking crime, or (4)
19 the defendant has more than one criminal history point.

20     *For any crime that occurred before Nov. 1, 2000,* law is more favorable, See
21 *United States v. Working, 224 F.3d 1093* (9th Cir. 2000)(en banc) (where woman
22 convicted of attempted murder of husband and use of firearm, when he threatened
23 divorce and taking children, district court may properly depart 21 levels (from range
24 of 87 to 108 months to one day) for aberrant conduct even though crime well-planned
25 and relentlessly executed but remanded for court give reasons for extent. Defendant
26 had to serve five year sentences for 924( c ) conviction, and district court said
27 convergence of factors showed (1) singular nature of the act; (2) spontaneity and lack
28 of planning; (3) psychological disorder (depression); (6) extreme pressure; (7) letters

-2-

1  from friends expressing shock and (8) motivation of defendant was not greed); *United*
2  *States v. Lam, 20 F. 3d 999, 1003-05* (9th Cir. 1994)(where law-abiding immigrant
3  obtained a sawed-off shotgun to protect his family against predators after he and
4  pregnant sister were robbed by three gunman, and where D not aware that he possessed
5  illegal weapon, and where only prior driving without a license, court had discretion to
6  downward depart from 18 month sentence because of aberrant conduct-note court
7  rejects view that aberrant conduct must be single incident; and rejects view that must
8  be first offense); *United States v. Fairless, 975 F.2d 664* (9th Cir. 1992) (bank robbery,
9  down on the floor, with an unloaded gun, in light of depression, loss of job, first
10 offense, "shocked" response of family, constitutes aberrant behavior justify downward
11 departure from 60 to 30 months); *United States v. Morales, 972 F. 2d 1007, 1011* (9th
12 Cir. 1993) ( court may downward depart for "aberrant conduct" where no criminal
13 history); *United States v. Takai, 941 F. 2d 738, 744* (9th Cir. 1991) (multiple incidents
14 over six-week period in effort to obtain green cards by bribing INS official still
15 constituted a single act of aberrant behavior where D's crime did not lead to pecuniary
16 gain, government agent influenced D to commit crime, and one D committed charitable
17 acts-outstanding good deeds); *United States v. Dickey, 924 F. 2d 836* (9th Cir. 1991)
18 ( crime may be aberrant where D stole $80,000 which he received by bank error);
19 *United States v. Garcia, 182 F. 3d 1165, 1176* (10th Cir. 1999) (that defendant's crime
20 was "carefully planned" did not preclude finding of aberrant behavior because the
21 correct focus is not on the number of discrete acts undertaken by the defendant but
22 rather on the aberrational character of the conduct); *United States v. Jones, 158 F.3d*
23 *492* (10th Cir. 1998) (where defendants pled guilty to possession of a firearm by a
24 prohibited person, the district court did not abuse its discretion in departing downward
25 by three levels to probation when, as one of eleven factors, it considered that crime as
26 aberrant conduct where the defendant had been law abiding until age 35 when his
27 marriage disintegrated).

28 **The Defendant Manifested "Super" Acceptance Of Responsibility.**

1   *United State vs. Brown*, 985 F.2d 478, 482m 482-83 (9th Cir. 1993) (under

2   §5K2.0, in light of defendants' confession, court depart downward from the range if

3   it determines that the two point reductions did not adequately reflect acceptance);

4   *United States v. Miller*, 991 F.2d 552 (9th Cir. 1991)

5   (admission of guilt to other crimes can justify departure under §5K2.0, but not further

6   adjustment for acceptance); *United States v. Gee*, 226 F.3d 885 (7th Cir. 2000) (affirms

7   2-level downward departure for acceptance of responsibility under §5K2.0, where D

8   was not eligible for adjustment for acceptance under §3E1.1 because it went to trial.

9   Defendant demonstrated a non-heartland acceptance in that he made early and

10  consistent offers to government to determine legality of his business); *United States

11  v. Faulks*, 143 F.3d 133 (3d Cir. 1998); *United States v. DeMonte*, 25 F.3d Cir. 1995)

12  (voluntary disclosure of true identify resulting in increased criminal history score may

13  warrant downward departure); *United States v. Rogers*, 972 F. 2d 489, 494 (2d Cir.

14  1992) (district court empowered to depart downward where defendants emerged from

15  a drug-induced state, realized his wrongdoing and turned himself in and confessed);

16  *United States v. Lieberman*, 971 F.2d 989, 995-96 (3d Cir. 1992)

17  (one level downward departure o. k. where D offered to make restitution greater that

18  amount taken, met with bankers and offered to explain how avoided detection,

19  resigned his position and went to FBI to admit his embezzlement, pled guilty); *United

20  States v. Carey*, 895 F.2d 318, 323 (7th Cir. 1990); *United States v. Davis* 797 F. Supp.

21  672 (D.C.N.Ind. 1992) (8-level downward departure proper where defendant make

22  $750,000 restitution voluntarily); *United States v. Crumb*, 902 F,2d 1337, 1339-40 (8th

23  Cir. 1990) ( voluntarily surrender nine days after issuance of warrant 9 month

24  downward departure); *United States v. Zeigler*, 835 F. Supp. 1335 (D. Kan 1993)

25  (downward departure); *United States v. Ziegler*, 835 F. Supp. 1335 (D. Kan 1993)

26  downward departure justified for complete acceptance of responsibility exhibited by

27  extraordinary drug rehabilitation in that defendant had smoked marijuana cigarettes a

28  day for 20 years and stopped).

- 4 -

1 **Post-Offense, Post-Conviction, And Post-Sentencing Rehabilitation.**

2       **Caveat:** Effective November 1, 2000 (i.e. for crimes committed on or after that

3 date) **§5K2.19 prohibits downward departure for "post sentencing rehabilitation**

4 **efforts, even if exceptional.**" (Note, however, that the amendment "does not restrict

5 departures based on extraordinary rehabilitative efforts prior to sentencing." U.S.S.G.,

6 Appendix C. No. 602). *United States v. Rudolph*, 190 F.3d 720 (6th Cir. 1999) (at re-

7 sentencing court may depart down for extraordinary rehabilitation occurring after

8 original sentencing); *United States v. DeShon*, 183 F.3d 888 (8th Cir 1999) (where D

9 pled to tax evasion etc., district court April 8, 2008 did not abuse its discretion in

10 departing downward from 30-37 months to 5 months community confinement without

11 work release based on defendant's post-offense rehabilitation, after witnesses testified

12 that he had "renewed his life in the church" and was making extraordinary efforts to

13 turn his life around);

14 *United States v. Jones* 158 F.3d 492 (10th Cir. 1998) (where defendant pled guilty to

15 possession of a firearm by a prohibited person, the district court did not abuse its

16 discretion in departing downward by three levels to probation when, as one of eleven

17 factors, it considered that the defendant had adhered to the conditions of this release

18 and changed both his attitude and conduct during his release constituting exceptional

19 post-offense rehabilitation. Cases forbidding a departure on this ground have been

20 overruled by Koon); *United States v. Rhodes,* 145 F.3d 1375 (D.C.Cir 1998) (post-

21 conviction rehabilitation grounds for departure if "exceptional degree of rehabilitation

22 shown - in light of Koon); *United States v. Whitaker*, 152 F.3d 1238, 1241 (10th Cir.

23 1998) (defendant's drug rehabilitation efforts" could possibly provide a basis for

24 departure and case remanded for the district court to decide); *United States v. Kapitzke*,

25 130F.3d 820 (8th Cir. 1997) (post-offense rehabilitation effort in child porn case may

26 justify downward departure where defendant has undergone eight months of sex

27 offender and chemical dependency treatment with a high probability of success);

28 *United States v. Brock*, 108 F.3d 31 (4th Cir. 1997) (D convicted of credit card fraud

- 5-

1 with 12-18 months guidelines sought downward departure because of post-arrest
2 rehabilitation; district denied saying no authority.  Remanded because prevision
3 decision ruling out such departures no longer good law in light of Koon); *United States*
4 *v. Workman*, 80 F.3e 688 (2d Cir. 1996) (between defendant' criminal conduct and
5 arrest he left a gang joined the army and was honorably discharged  - a modest
6 downward departure proper because defendant abandoned his criminal lifestyle);
7 *United States v. Williams*, 65 F.3d 301, 306 (2d Cir. 1995) (when a defendant who has
8 been in federal custody since his arrest has had no opportunity to pursue any
9 rehabilitation, when he had been admitted to selective and intensive inmate drug
10 treatment program and a guideline sentence would deprive him of his only opportunity
11 rehabilitate himself, departure within discretion of court and departure from 130
12 months to 60 months in reasonable if additional conditions attached to supervised
13 release term).

14 **Excellent Employment History.**

15 *United States v. Thompson*, 74 F.Supp.2d 69 (D.Mass. 1999) (departure from
16 87 to 60 months in drug case-setting out framework for determining when employment
17 history and family ties warrant downward departure as extraordinary - here "not only
18 did defendant exhibit a sustained commitment to his family dating back to the instant
19 he became a father, he consistently worked to provide for them"), **reversed** 234 F.3d
20 74 (1st Cir. 2000)(district court erred in limiting its inquiry to cases involving crack
21 cocaine dealers and then asking whether defendant's record stood apart from the rest);
22 *United States v. Jones*, 158 F.3d 492 (10th Cir. 1998) (where defendant pled guilty to
23 possession of a firearm by a prohibited person, the district court did not abuse its
24 discretion in departing downward by three levels when, as one of eleven factors, it
25 considered the defendant's long impressive work history. . . where good job are
26 scarce."  Even though under §5H1.5 ordinarily a discouraged basis, here unusual);
27 *United States v. Higgins*, 967 F,2d 841 (3d Cir. 1992) (young age and stable
28 employment will justify a downward departure if "extraordinary"; remanded to see if

1  judge realized he had power); *United States . Alba*, 933 F.2d 1117 (2d Cir. 1991)
2  (long-standing employment at two jobs); *United States v. Jagmohan*, 909 F.2d 61 (2d
3  Cir. 1990) (exceptional employment history and nature of the crime); *United States v.*
4  *Big Crow*, 898 F.2d 1326, 1331-32 (8th Cir. 1990) (excellent employment record);
5  *Untied States v. Shoupe*, 988 F.2d 440 (3d Cir. 1993) (age and immaturity considered
6  in whether criminal history overstates propensity); *United States v. Ragan*, 952 F.2d
7  1049 (8th Cir. 1992) (defendant stopped using drugs a year before his indictment,
8  maintained steady employment, and offered to cooperate-departure affirmed where
9  government did to object at sentencing).

10  **Defendant Showed Extreme Remorse.**

11      Because guidelines to do not expressly forbid the departure, under rational of
12  Koon, court may downward depart in certain circumstances where defendant showed
13  great remorse "to an exceptional degree" even though D already received adjustment
14  for acceptance of responsibility. *United States v. Fagan*, 162 F.3d 1280, 1284-*85
15  (10th Cir. 1998); *United States v. Jaroszenko*, 92 F.3d 486 (7th Cir. 1996).

16  **Cooperation With Authorities.**

17      U.S.S.G. §5K1.1 (Upon motion of the government); *United States v. Udo*, 963
18  F.2d 1318, 1319 (9th Cir. 1992) (once government makes motion, court can depart more
19  than government recommends).

20  **Duress Or Coercion.**

21      See U.S.S.G. §5K2.12; *United States v. Ramos-Oseguera*, 120 F.3d 1028 (9th
22  Cir. 1997) (remanded because not clear the judge understood that coercion or duress
23  is a separate ground for downward departure under §5K2.12.  The duress policy
24  statement allows that "[i]f the defendant committed the offense because of serious
25  coercion. . . or duress, under circumstances snot amounting to a complete defense, the
26  court may decrease the sentence." "[I]t has been held that the injury threatened need
27  not be imminent" in order to apply this departure; overruled on other grounds, *United*
28  *States. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (en banc); *United States v. Apple*, 915

- 7-

1    F.2d 899, 903 n.12 (4th Cir. 1990) (downward departure warranted when court found
2    that defendant was battered wife who suffered from chronic depression); *United States*
3    *v. Cheape*, 889 F2.d 477 (3d Cir. 1989) (court had authority to impose sentence below
4    guidelines range on defendant convicted of bank robbery and bank robbery by use of
5    dangerous weapon, on grounds that she had been coerced to participate, even though
6    jury had rejected coercion defense in finding her guilty; and the guidelines do not
7    require proof of immediacy, inability to escape, or limited the feared injury to bodily
8    injury); *United States v. Gaviria*, 804 F. Supp. 476 (E.D.N.Y. 1992) (downward
9    departure justified based on defendant being subservient to husband (battered
10   woman)); *United States v. Hall*, 71 F.3d 569 (6th Cir. 1995) (remanded to consider
11   coercion by husband based on "overwhelming evidence that criminal actions resulted
12   least in part from the coercion and control exercised by her husband"); *United States*
13   *v. Amor*, 24 F.3d 432, 438-39 (2d Cir. 1994) (downward departure warranted when
14   defendant committed firearms offense one day after his car shot up, he was personally
15   threatened, and feared potential violence by union in impending shrike) *United States*
16   *v. Amparo*, 961 F.2d 288, 292 (1st Cir. 1992) (downward departure warranted when
17   defendant , in response to threats by smuggler, agreed to traffic cocaine strapped to her
18   corset, even if jury rejected duress defense); *United States v. Meyers*, 952 F. 2d 914,
19   920 (6th Cir. 1992) (downward departure warranted if sentencing court found defendant
20   committed offense under serious coercion although not full defense); *United States v.*
21   *Garza-Juarez*, 992 F.2d 896, 910-912 (9th Cir. 1993) ("aggressive encouragement of
22   wrongdoing [by former]" warrants departure); *United States v. Isom*, 992 F.2d 91 (6th
23   Cir. 1993) (district court can depart downward for coercion); *United States v. Delgado*,
24   994 F.Supp 143 (E.D.N.Y. 1998) (three-level downward departure to first-time
25   offender, drug courier based on coercion from a creditor and combination of aberrant
26   behavior, defendant's fragility, and his exceptionally difficult life).
27   ///
28   ///

DEFENDANT'S POSITION PAPER REGARDING SENTENCING

1  **CONCLUSION**

2          In closing, I agree that my client must be punished.  However, it should be

3  noted and stressed that I believe he will return to society and make a positive impact

4  thereon.    As you can see form the letter written by Alaine Patterson (Mr.

5  PATTERSON'S sister), my client is obsessed with making the world a better place.

6  Dated: May 9, 2008                    Respectfully Submitted,
                                          LAW OFFICES OF
7                                         WINSTON KEVIN McKESSON

8

9

10                        By:
                                          WINSTON KEVIN McKESSON, ESQ.
11                                        Attorney for Defendant
                                          GREGORY PATTERSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# E

# X

# H

# I

# B

# I

# T

# S

- 10-

DEFENDANT'S POSITION PAPER REGARDING SENTENCING